4 So.2d 516

### HARRISON v. STATE.

8 Div. 164.

Court of Appeals of Alabama.

Nov. 4, 1941.

John W. Sherrill, Jr., and Sherman B. Powell, both of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun upon an affidavit sworn out before a justice of the peace. The warrant issued thereon was made returnable to Morgan County Court, wherein the defendant was tried and convicted upon said affidavit which charged him with the offense of the violation of the State prohibition laws. The affidavit was proper in form and substance. From the judgment of conviction aforesaid, this appeal was taken.

The corpus delicti was fully proven by the undisputed testimony, which tended to show the two deputy sheriffs, armed with a search warrant made a search of a lot, or coal yard, which adjoined the garage of this appellant. All the testimony disclosed that these officers found several bottles of whiskey, and one bottle of gin in the lot aforesaid, and that the defendant was present and the searching officers testified that he stated the prohibited liquors found there, belonged to him, and that a man by the name of Maze, who operated the coal yard where the liquors were found, had nothing to do with it. There was a full and thorough predicate laid to authorize the admission of evidence as to the alleged confession of the defendant. The defendant testified he was present at the time the officers made the search, and that he saw the whiskey and gin, but that at no time did he state to the officers that the whiskey and gin belonged to him, or that it did not belong to Mr. Maze.

The foregoing testimony of respective parties, being in direct conflict, of course, presented a question of fact for the court, and it is our opinion that the evidence was ample to sustain the judgment of the court and to support the action of the court in rendering the judgment of conviction pronounced and entered.

The ruling of the trial court upon the admission of the testimony to which an exception was reserved, was so clearly free of error no discussion of this question is deemed necessary.

No error of a reversible nature appearing in any ruling of the court upon the trial of this case in the court below, it is ordered and adjudged that the judgment of conviction appealed from be in all things affirmed.

Affirmed.